EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Oct 15 2012 09:12AM MDT
Filing ID: 46968370
Review Clerk: Matthew Palmer

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>(720) 865-8301 | |
| **PLAINTIFF:**<br>JAMES M. RHODE, an individual,<br>v.<br>**DEFENDANT:**<br>REGIS UNIVERSITY, a Colorado non-profit corporation. | ▲ ▲<br>COURT USE ONLY |
| ***Attorneys for Plaintiff:***<br>Bryan E. Kuhn, Esq., #33642<br>Bryan E. Kuhn, Counselor at Law, P.C.<br>1660 Lincoln Street, Ste. 2330<br>Denver, Colorado 80264<br>Tel.: (303) 424-4286<br>Fax: (303) 425-4013<br>E-mail: Bryan.Kuhn@beklegal.com | Case Number: 12cv 6373<br>Division:<br>Courtroom: |

**VERIFIED COMPLAINT**

COMES NOW the Plaintiff, JAMES M. RHODE, by and through his undersigned counsel at the law offices of Bryan E. Kuhn, Counselor at Law, P.C., and states for his Verified Complaint as follows:

**PARTIES**

1. Plaintiff, JAMES M. RHODE (hereinafter "Plaintiff"), is an individual who, at all times pertinent to this Verified Complaint, has resided in Adams County, Colorado.

2. Defendant, REGIS UNIVERSITY (hereinafter "Defendant" or "Regis University") is a non-profit corporation organized under the laws of Colorado, with its principle place of business located in Denver County, Colorado.

**JURISDICTIONAL ALLEGATIONS**

3. The Plaintiff is a resident of Colorado with his residence address located at 5295 123rd Avenue, Thornton, Colorado 80241.

EXHIBIT
tabbles
B

4. Defendant, Regis University, is a resident of Colorado with its principal business addresses located at 3333 Regis Blvd., Denver, Colorado 80221.

5. Jurisdiction is proper in Colorado as the parties are and have been residents of Colorado at all relevant times mentioned herein, and the wrongful acts set forth in this Verified Compliant took place in the State of Colorado.

6. Venue in Denver County, Colorado is proper pursuant C.R.C.P. 98(c), as the events and acts complained of occurred in Denver County, and the Defendant is a resident of Denver County.

**GENERAL ALLEGATIONS**

7. Plaintiff began working for Regis University in 2004 in the position of Campus Safety Officer.

8. Plaintiff's responsibilities included providing a safe and secure environment for the entire Regis University community by working with students, faculty and staff to promote awareness and support of safety and security issues.

9. In his position, the Plaintiff responded to incidents and emergency situations, and provided escort services to and from residence halls and parking areas, he provided assistance for community events and activities on campus, maintained phone and radio contact with the officers in the field, provided parking enforcement and made presentations to the community on security and safety issues.

10. Plaintiff's regular duties required that he patrol all buildings and grounds of the University campus, both by vehicle and on foot, on a continuous and daily basis.

11. Plaintiff excelled at his job, as evidenced by the fact that he had no written reprimands or negative performance reviews of any kind.

12. However, on or about January 6, 2012, the Plaintiff broke his right ankle, which required him to apply for leave under the Family Medical Leave Act ("FMLA") in order to recover.

13. On January 17, 2012, Plaintiff received a Certification of Health Care Provider for Employee's Serious Health Condition, along with a Return to Work Medical Release form completed by his treating physician and orthopedic surgeon, which were also provided to the Defendant.

14. The January 17, 2012 Return to Work paperwork reflects that Mr. Rhode would be able to return to work on March 15, 2012, as he was not to drive while recovering from surgery and wearing a Cam Walker (fracture) boot on his injured foot.

15. On January 25, 2102, Ms. Porter, an employee of Defendant's Human Resource Department, wrote Plaintiff stating that his application for FMLA had been approved through February 25, 2012, and that once his FMLA and accrued sick leave were exhausted he would be eligible for short–term disability to cover the period between February 25th and the anticipated date of his return on March 15, 2012.

16. On February 15, 2012, Ms. Porter e-mailed Plaintiff stating that, "Because you will need additional time away above and beyond the 12 weeks provide (*sic*) through Family and Medical Leave, we will require that an updated Certification of Healthcare Provider form be completed as soon as possible."

17. Plaintiff responded to Ms. Porter that same day via e-mail stating that he was in the process of completing the updated health care documentation, as well as completing an application for short term disability benefits.

18. On February 20, 2012, Plaintiff obtained the requested updated health care documentation reflecting that he would be incapacitated for a single continuous period of time due to his medical condition, and provided the same to Defendant, evidencing that he could return to work on March 22, 2012.

19. However, the Plaintiff was physically capable of returning to work by February 25, 2012, but the reason that he did not was because he was respecting his physician's orders, which he reasonably believed to be in his best interests.

20. Regardless that Plaintiff had complied with providing Defendant the requested and necessary medical information allowing him to be absent from work while recovering from surgery on his right ankle, including applying for short term disability for the interim period excluded by his remaining leave under the FMLA (a four week period), Defendant terminated Plaintiff's employment on February 29, 2012 for the stated reason that his job-protected leave period under the FMLA had expired.

21. The Plaintiff did not return to work by February 25, 2012 because he reasonably relied upon the promises of his employer that, so long as the Plaintiff promptly provided an updated Certification of Healthcare Provider form, he would be covered for the short additional leave that was needed beyond the twelve (12) week period provided by the FMLA.

22. On June 22, 2012, Plaintiff sent Defendant a formal demand for payment through his undersigned counsel requesting options for resolving the instant dispute, but to date, Defendants have failed to respond in any useful manner.

## FIRST CLAIM FOR RELIEF

(*Wrongful Discharge in Violation of Public Policy*)

23. Plaintiff incorporates paragraphs 1 through 22 above and all other averments of this Complaint as if fully set forth herein.

24. Defendant's conduct prohibited the Plaintiff from exercising an important job-related right or privilege in that Defendant refused to allow the Plaintiff to return to work after being released by his treating physician from a broken ankle, and as required by the FMLA.

25. Defendant offered Plaintiff an alternative leave option to cover the period between February 25th and the anticipated date of his return per his physician's orders on March 22, 2012, which offer the Plaintiff accepted.

26. However, Defendant never intended to allow Plaintiff to return to work, and did not, as demonstrated by the fact that Plaintiff was lulled into abandoning his legal rights by not returning to work on or before February 25th based upon Defendant's broken promise that once the Plaintiff's FMLA and accrued sick leave was exhausted he would be eligible for short-term disability to cover the period between February 25th and the anticipated date of his return.

27. It is contrary to public policy for employers to misinform employees as to the law and mislead them as to their leave options and rights under the FMLA.

28. As a direct, proximate and foreseeable result of Defendants' intentional violations, the Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(*Violations of the FMLA - Interference*)

29. Plaintiff incorporates paragraphs 1 through 28 above and all other averments of this Complaint as if fully set forth herein.

30. Plaintiff was eligible for FMLA protection, and the Defendant was a covered employer by the FMLA.

31. Plaintiff was entitled to leave under the FMLA, and he provided sufficient notice of his intent to take such leave.

32. Defendant interfered with Plaintiff's exercise of FMLA rights by denying the Plaintiff reinstatement in his position after taking the approved FMLA leave to which he was entitled.

33. Defendant's interference caused prejudice to Plaintiff in that he experienced an adverse employment resulting in loss of compensation by reason of Defendant's violation.

34. Defendant would not have made its decision to terminate Plaintiff's employment had Plaintiff not exercised his right to take leave under the FMLA.

35. If Plaintiff had actually believed that his employment was at risk, he would have acted differently by disregarding his physician's orders not to return to work until March 22, 2012, and presented not later that February 25, 2012.

36. Plaintiff disputes that he was physically unable to return to work until March 22, 2012. However, Plaintiff acknowledges that it was clearly in his best interests to follow his physician's orders, which included taking reasonable leave to allow his bone to heal before returning to work in security at a university campus, which work requires substantial time walking, as well as the ability to handle strenuous physical contact.

37. As a direct, proximate and foreseeable result of Defendant's intentional violations, the Plaintiff has suffered damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
*(Violation of FMLA – Retaliation)*

38. Plaintiff incorporates paragraphs 1 through 37 above and all other averments of this Complaint as if fully set forth herein.

39. Plaintiff engaged in an activity protected by the FMLA, and the exercise of his protected rights was known to Defendant.

40. Defendant took an adverse employment action against Plaintiff in temporal proximity to the protected activity, and there was a causal connection between the protected activity and the adverse employment action.

41. Defendant would not have made its decision to terminate Plaintiff's employment had Plaintiff not exercised his right to take leave under the FMLA.

42. As a direct, proximate and foreseeable result of Defendant's actions, the Plaintiff has suffered damages in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
*(Fraudulent Misrepresentation)*

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above as if set forth in full herein.

44. On February 15, 2012, Defendant's Human Resource representative e-mailed the Plaintiff stating that, "Because you will need additional time away above and beyond the 12

weeks provide (*sic*) through Family and Medical Leave, we will require that an updated Certification of Healthcare Provider form be completed as soon as possible."

45. The Defendant also stated that once Plaintiff's FMLA and accrued sick leave were exhausted he would be eligible for short–term disability to cover the period between February 25th and the anticipated date of his return.

46. Plaintiff justifiably relied upon the material representations by Defendant's agent regarding the conditions he was required to satisfy for purposes of maintaining his employment while on medical leave, and therefore, he did not look for alternative employment at that time or promptly return to work, which reliance was reasonable under the circumstances presented here.

47. As a direct, proximate and foreseeable result of Defendant's actions, the Plaintiff has suffered damages in an amount to be proven at trial.

## **FOURTH CLAIM FOR RELIEF**
*(Promissory Estoppel)*

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 above as if set forth in full herein.

49. The Plaintiff reasonably expected that when Defendant offered Plaintiff an alternative leave option to cover the period between February 25th and the anticipated date of his return per his physician's orders on March 22, 2012, which offer the Plaintiff accepted, that Defendant would honor the terms of its agreement.

50. In reasonable reliance upon the Defendant's promises, the Plaintiff remained working for the Defendant and did not actively seek other employment and/or immediately return to work, to the Plaintiff's detriment.

51. Injustice can only be avoided by enforcement of the Defendant's promise and commitment to maintain a workplace free of fallacious untruths, as well as illegal retaliation and/or discrimination.

52. As a direct, proximate and foreseeable result of Defendant's actions, the Plaintiff has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully prays for judgment to be entered against Defendant in the amount sufficient to compensate for economic and non-economic damages, together with interest from the date of loss as allowed by law, exemplary and punitive damages as allowed by law, consequential damages, costs and reasonable attorney's fees as allowed by law, including all special damages, any relevant statutory damages, and such further relief as this Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a jury trial of all issues so triable.

Dated this 15th day of October, 2012.

BRYAN E. KUHN, COUNSELOR AT LAW, P.C.

*Original pleading bearing original signature maintained in the offices of Bryan E. Kuhn, Counselor at law, P.C., as required by C.R.C.P. 121 §1-26(9)*

/s/ Bryan E. Kuhn
Bryan E. Kuhn, Esq.
1660 Lincoln Street, Ste. 2330
Denver, Colorado 80264
Tel.: (303) 424-4286
Fax: (303) 425-4013
E-mail: Bryan.Kuhn@beklegal.com

ATTORNEYS FOR PLAINTIFF

**VERIFICATION**

STATE OF COLORADO )
) ss.
COUNTY OF ADAMS )

I, James M. Rhode, am of lawful age. I am the Plaintiff in the above captioned matter. I have read the foregoing Verified Complaint and state that all the facts and statements contained therein are true and correct to the best of my knowledge, information and belief.

Date: October 11, 2012.

James M. Rhode

Subscribed and sworn before me this 11 day of October, 2012.

My commission expires: 6-8-2016

Notary Public

Derek Michael Coffey
Printed Name

Seal: DEREK MICHAEL COFFEY NOTARY PUBLIC STATE OF COLORADO MY COMMISSION EXPIRES 6/8/2016